## FARNSWORTH vs. TILTON.

If a debtor escape from prison, with the consent of the Sheriff, the Sheriff cannot lawfully retake him, yet the creditor may, or he may have his remedy against the Sheriff by an action for the escape, or against the debtor by an action of debt on the judgment.

THIS was an action of debt on judgment. The defendant *Caledonia,* pleaded in bar, that the plaintiff, after he had recovered the judg- September, ment, took out execution, and caused the defendant to be regu- 1814. larly committed thereon to the common gaol in Danville in the County of Caledonia. The plaintiff replied, that the defendant escaped from said prison, not having paid or satisfied his said debt. The defendant rejoined that he the defendant departed from said prison with the express consent, liberty and direction of David Elkins, Sheriff of said County and keeper of said prison.

*B. Porter* for the plaintiff.

*J. Mattocks* for the defendant.

CHIPMAN Ch. J. delivered the opinion of the Court.

It is impossible to support this plea in bar ; the commitment, as pleaded, is no discharge or satisfaction of the judgment. In case of a commitment of a debtor to prison, the body of the debtor is merely a pledge, and so long as the debtor is holden, and continues in prison, the creditor can have no other remedy. If the debtor escape from prison, the debt still remains unsatisfied. The creditor may have a remedy against the Sheriff, but he is not obliged to resort to that remedy—he may still pursue his remedy against the debtor. If a creditor discharge his debtor from imprisonment, it is, at common law, a discharge of the debt ; he cannot have another execution, or in any other way pursue his judgment. But, to an action of debt on judgment, it is in no case sufficient to plead in bar

*Caledonia,*
September,
1814.

Farnsworth
*vs.*
Tilton.

a commitment only ; it must appear that the debtor has been discharged therefrom by the plaintiff, or that the debt has in some way been satisfied or discharged. But, supposing it to be sufficient in such plea to state a commitment of the debtor in execution, without shewing that he is still holden a prisoner, or that he has been discharged therefrom, in such manner as to bar the plaintiff of any further remedy, the plaintiff may avoid it by his replication ; and it is certainly a good avoidance, that the defendant escaped from prison, without having been lawfully discharged, and the debt not having been paid or satisfied.

As before observed, the body of the debtor is only a pledge for satisfaction of the debt ; in this case it appears that the defendant has illegally withdrawn that pledge, without having satisfied the debt. The replication is a full and complete answer to the matter of the defendant's plea in bar. The defendant rejoins, admitting the escape, but says that he escaped with the express consent and direction of the Sheriff. Now, if a prisoner escape, with the express consent of the Sheriff, and the Sheriff attempt to retake him, such allegation will be good against him the Sheriff ; for, if he voluntarily permit a prisoner to escape, he cannot lawfully retake him ; but the creditor may, or he may proceed on his judgment, until he obtain satisfaction. The Court are therefore clearly of opinion that there must be

Judgment for the plaintiff.